STEVENS (POTTER v.). See Case No. 11,-338.

## Case No. 13,407.

### STEVENS v. PRITCHARD.

[4 Cliff. 417;[1] 10 O. G. 505; 2 Ban. & A. 390.]

Circuit Court, D. Massachusetts. Sept. 1, 1876.

PATENTS — COMBINATION — ELEMENTS — REISSUE— ERRORS AND DEFECTS IN ORIGINAL — NEW INVENTION—BOOT AND SHOE MAKING.

1. If an inventor has produced a new and useful combination, which composes an organized machine, and also made new inventions of a less number of elements of the same combination than what compose the entire machine, he may, with proper descriptions, claim the whole combination, and also the lesser ones, or ones composed of fewer elements than what make up the whole machine.

[Cited in Herring v. Nelson, Case No. 6,424.]

2. He may, if he choose, make the several claims in one patent.

[Cited in Herring v. Nelson, Case No. 6,424.]

3. If, by inadvertence, accident, or mistake, he has failed in his original patent to claim any of the lesser combinations not embracing the whole machine, he can surrender his patent, and obtain a reissue for any additional claims so omitted in the original.

[Cited in Herring v. Nelson, Case No. 6,424; Miller v. Bridgeport Brass Co., Id. 9,563.]

4. Reissued patents are presumed to be for the same invention as that covered by the original, unless the contrary appears.

[Cited in Dedrick v. Cassell, 9 Fed. 308.]

5. Matters of fact are not open under such an issue in a suit for infringement.

6. The conclusion must always be in favor of the validity of the reissued patent, unless it appears, upon a comparison of the two instruments, that, as matter of legal construction, the reissue is not for the same invention as the original.

[Cited in Kerosene Lamp Heater Co. v. Littell, Case No. 7,724; Smith v. Merriam, 6 Fed. 718; Atwood v. Portland Co., 10 Fed. 287.]

7. New features cannot be introduced in a reissue.

8. Errors and defects may be cured, under the condition that no new invention is claimed in the reissue.

9. What was ambiguous may be made clear and certain, under the same restriction.

10. The second claim of the reissued patent was different from the second claim of the original.

11. Such a comparison is proper in discussing the question, whether a reissue and original are for the same invention, but is not decisive of the issue, because surrenders are often made to correct errors of the party or patent office in improperly limiting a claim.

12. If the new subject of the reissue claim does not exceed what was well described in the

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

original, or what was substantially described, suggested, or indicated in the specifications, drawings, or patent office model, a reissue claim cannot be held void, because it secures a different invention from what was claimed in the original.

This was a bill in equity [by Samuel A. Stevens, trustee, against William A. Pritchard], founded upon certain reissued letters-patent for an improvement in making boots and shoes.

The claims of the original patent [No. 141,-357, granted to J. L. Joyce, July 29, 1873] were these: (1) In the manufacture of boots and shoes, the insole bevelled from the lower side back towards the top, and from the upper, or so as to form a space between the edge of the insole and the upper, substantially as and for the purpose specified. (2) In combination with the insole bevelled so as to form a space between the edge and upper, as described, the outsole formed with a recess or upwardly projecting edge, substantially as and for the purpose described. Of the reissue [No. 6,480, granted June 8, 1875], the following were the claims: (1) In the manufacture of boots and shoes, the insole bevelled from the lower side back towards the top and from the upper, or so as to form a space between the edge of the insole and the upper, substantially as and for the purpose specified. (2) In the manufacture of boots and shoes from leather, the sole constructed with a recess, into wh'ch the insole and the upper at the edge of the insole are embedded, the surrounding edge of said recess formed from the sole itself, within and so as to preserve the outer edge of the said sole, to show as the whole or part of the principal or outer sole, substantially as described.

E. Merwin, for complainant.
J. E. Maynadier, for respondent.

CLIFFORD, Circuit Justice. Cases arise where a patentee, having invented a new and useful combination consisting of several elements, which in combination compose an organized machine, also claims to have invented new and useful inventions, consisting of fewer members of the same elements, and in such cases the law is well settled that, if the several combinations are new and useful, and will severally produce new and useful results, the inventor is entitled to a patent for the several combinations, provided he complies with the requirements of the patent act, and files in the patent office, a written description of each of the alleged new and useful combinations, and of the manner of making, constructing, and using the several inventions. He may, if he sees fit, give the description of the several combinations in one specification, and in that event he can secure the full benefit of the exclusive right to each of the several inventions by separate claims referring to the specification for the description of the inventions, without the necessity of filing separate applications for each of the inventions. Separate descriptions of the respective inventions in one application are as good as if made in several applications, but the claims must be separate, and it would follow that if the patentee by inadvertence, accident, or mistake, should fail to claim any one of the described combinations, he might surrender the original patent and have a reissue not only for the combinations claimed in the original specification, but for any which were so omitted in the claims of the original patent. Gill v. Wells, 22 Wall. [89 U. S.] 24.

Matters of fact in this case are for the most part without dispute, and they may be stated in a few propositions, as follows: The complainant is the assignee of the reissued patent of Joseph L. Joyce, as the same is exhibited in the record. By the patent, it appears that the invention is a new and useful improvement in making boots and shoes, the object of the same being to protect the upper leather near where it is joined to the sole. Superadded to that, the patentee states that in the usual construction of boots and shoes, the upper leather, as it is turned over the edge of the insole, is exposed upon the inside to the angle of the upper side of the insole, and at the toe of the shoe or boot, particularly in children's wear, and he also states that the wear of the shoe or boot, in consequence of that exposure soon cuts through the upper leather, or rather forms a bearing against which the wear upon the outside soon destroys the upper leather at such bearing. Having pointed out the defect to be remedied, he proceeds to state that the object of his invention is to overcome that difficulty; and that the invention consists in bevelling the edge of the insole from the lower side back towards the top, so that the upper will not bear against the upper angle of the insole; also in an upwardly projecting edge on the sole around the toe, formed from a part of the sole, but so as to preserve the outer edge of the sole to show as the whole or part of the principal sole.

Frequent reference is made by the patentee to the drawings, as for example, he states that in his improved construction he bevels the insole from the lower surface up, as denoted on the left of Fig. 2 in the drawings, so that the angle of the insole, around which the upper bears, will be down upon the outer sole, leaving no exposed angle in the upper against which the wear will come as in the usual construction, by which means the angle, against which the wear of the shoe is made, being removed, it follows that the wear of the shoe will be much less than when the angle is present, as in the usual construction.

Special reference is then made to Fig. 1, as illustrating the second part of his invention, and the patentee states that the sole of

[Drawings of reissued patent No. 6,480 granted June 8, 1875, to J. L. Joyce, published from the records of the United States patent office.]

*fig: 1.*

*fig: 2.*

the shoe or boot is constructed with an edge projecting up on to the upper so as to protect the same from wear, and that the edge is formed by cutting down the surface of the sole as represented in that figure.

Two claims are added, but it is only necessary to refer to the second, as it is not pretended that the first claim has been infringed by the respondent. What the patentee claims in the manufacture of boots and shoes from leather, in the second claim, is, the sole constructed with a recess, into which the insole and the upper, at the edge of the insole, are imbedded, the surrounding edge of the recess being formed from the sole itself, within and so as to preserve the outer edge of the sole to show as the whole or part of the principal or outer sole.

Process was issued and served, and the respondent appeared and filed an answer, in which he set up the following defences: (1) He alleges that the patentee is not the original and first inventor. (2) That the second claim of the reissued patent is not for the same invention as the original patent. (3) He denies the charge of infringement.

Suffice it to say, in respect to the first defence, that it is unsustained by any satisfactory proof, and, having been abandoned in the argument, it is overruled.

Reissued patents are presumed to be for the same invention as the original, unless the contrary appears. Matters of fact are not open under such an issue, in a suit for infringement. Instead of that, the conclusion in such case must always be in favor of the validity of the reissued patent, unless it ap-

pears, upon a comparison of the two instruments, that the reissue, as matter of legal construction, is not for the same invention as the original. Surrenders are allowed in order that what was imperfect before may be made perfect, and in order that what was before ambiguous may be made clear and certain, and for that purpose the patentee may add whatever was substantially suggested or indicated in the original specifications, drawings, or patent office model. New features may not be introduced for the reason that every interpolation of the kind is forbidden by the act of congress. Errors and defects may, however, be corrected under the conditions specified, and the prohibition that new features shall not be introduced, must not be understood as taking away the right to include in the reissue whatever was substantially suggested or indicated in the surrendered specifications, drawings, or patent office model.

Unquestioned authority is conferred upon the commissioner to grant a new patent in case the original is surrendered and his action in granting the same is final and conclusive, unless the court is of the opinion, upon comparing the two instruments, that the reissued patent, as matter of legal construction, is not for the same invention as the original. Such was the rule laid down by this court the first time the question was presented to the present presiding Justice. Sickels v. Evans [Case No. 12,839]. Attempt was made in that case to maintain the proposition, that, in the absence of fraud, the allegations in the specification of a reissued patent, however different they may be from the description in the specification of the original patent, are nevertheless conclusive evidence that the invention was made, and that the means to accomplish the result were invented as therein described. Responsive to that proposition, the court remarked that where two specifications are consistent, or where there is no positive conflict or absolute inconsistency, the proposition may be correct, but where it appears on the face of the respective specifications, as matter of law, that the specification and claims of the reissued patent are for a different invention from that secured in the original letters-patent, such a rule cannot be applied. Much consideration was given to the whole subject in that case, and the court held that where it appears on a comparison of the two instruments, as matter of law, that the reissued patent is not for the same invention as that embraced and secured in the original patent, the reissued patent is invalid, because that state of the case shows that the commissioner exceeded his jurisdiction, and the court in this case adheres to that conclusion without qualification or abatement.

Beyond doubt the invention in controversy is of a twofold character, both tending to accomplish the same end, and for the purposes of explanation it may be divided into two features, consisting, in the first place, in bevelling or paring away the insole so that the

upper will not bear against the upper angle or edge of the insole. All details in respect to that feature will be omitted, as nothing of the kind is in controversy in the case before the court. Coming to the second feature, it is clear that it consists in cutting a recess in the outer sole, or sole next to the inner sole, near the toe, into which the upper underlying the insole, and the insole itself can be imbedded more or less, the wall of the recess thus forming a protection to the upper at the toe. Properly applied, no doubt is entertained that the invention is a highly useful one in making boots and shoes to be worn by children. Both parties agree that it is the second feature of the alleged invention that is included in the second claim of the reissue. Attention is called to the fact that the second claim of the reissued patent differs from the second claim of the original patent, as if the difference in the claims of the two patents is sufficient to show that the former is not for the same invention as the latter. Such a comparison is doubtless proper in considering the issue before the court, but it is by no means decisive of the issue, as the surrender is often made to correct errors and defects of the patent office, or of the party in improperly limiting the claim, or in giving it a greater scope than the description will warrant. Corrections may be made in such cases by the specifications, drawings, or patent office model, and if the alterations do not exceed what was well described before, and what is substantially suggested or indicated in the surrendered specifications, drawings, and patent office model, the reissued patent cannot be held invalid upon the ground that it embodies and secures a different invention from the original. Apply those rules to the case before the court, and the conclusion necessarily follows that the second defence must be overruled, as it is not possible to decide, as matter of law, that the reissued patent is for a different invention from that embodied and secured in the original patent.

Enough appears in the answer to show that the complainant must prevail over the third defence, for the reason that the answer admits that the respondent has made and sold shoes with tips formed by turning up a portion of the sole, said shoes being, so far as concerns the tip, the same as the invention described in the patent under which he works, but of the ordinary construction so far as concerns the insole. Propositions of various kinds are advanced by the respondent in support of his third defence, but they are all too much tinged with his preceding theory, that the invention secured by the reissued patent is different from the original to require a separate examination. Suffice it to say that it has been overruled, and that in view of that, the invention described in the bill of complaint must be considered as the one embodied and secured in the reissued patent on which this suit is founded.

Defences not sustained do not modify the invention in question, and if not, then it follows, in a case like the present, that in the question of infringement the issue depends upon a comparison of the alleged infringing exhibits with the invention described in the bill of complaint. Tested by that rule the court is of the opinion that the charge of infringement is fully proved. Expert testimony was given upon the subject, and it is entirely satisfactory that the manufactures of the respondent do infringe the second claim of the reissued patent.

Decree for an account and an injunction in favor of complainant, with costs.